# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW SARGENT, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) C.A. No. _____ |
| AMAZON.COM, INC., and AMAZON.COM SERVICES, LLC, | ) ) ) ) |
| *Defendants*. | ) ) ) ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant Amazon.com Services LLC[1] ("Defendant" or "Amazon"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes the above-captioned action from the Superior Court of the State of Delaware, New Castle County, Case No. N23C-09-186 EMD, to the United States District Court for the District of Delaware, the district "embracing the place where the state action is pending." 28 U.S.C. §1446(a). In support of this Notice of Removal, Defendant states as follows:

1. On September 23, 2023, Plaintiff filed a civil action in the Superior Court of the State of Delaware, New Castle County, captioned *Andrew Sargent v. Amazon.com, Inc., et al.*, Civil Action No. N23C-09-186 EMD (Del. Super. Ct.) ("State Court Action"). The Complaint in the State Court Action is attached as Exhibit A.

2. On October 31, 2023, Plaintiff served his Complaint on Defendant through its registered agent. Copies of the process papers are attached as Exhibit B.

---

[1] Plaintiff incorrectly named Amazon.com, Inc. as a defendant. Amazon.com, Inc. did not employ Plaintiff. Amazon.com Services LLC did.

3. No other proceedings have been held in the State Court Action, and the documents attached as Exhibits A through B constitute all processes, pleadings, or orders served upon Amazon.

4. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, 28 U.S.C. § 1441(a) provides, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. Here, removal is proper under 28 U.S.C. §§ 1331 and 1441 because the State Court Action arises under the laws of the United States. As set forth in the Complaint, Plaintiff alleges race and retaliation in violation of Title VII of the Civil Rights of 1964 ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), and sex discrimination and retaliation in violation of Title VII. *See* Ex. A at ¶¶ 1, 55-97.

6. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all other claims in this action, including the Delaware Discrimination in Employment Act ("DDEA"), and a cause of action for negligent hiring, supervision, and retention, because they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's pleads identical facts in support of his DDEA claim as those alleged in support of his Title VII and Section 1981 claims. *Compare* Ex. A at ¶¶55-97 *and* ¶¶98-125. Plaintiff also relies solely on the factual allegations supporting his Title VII, Section 1981, and DDEA claims to support his negligence claim. *See* Ex. A at ¶126 (incorporating all prior factual allegations in support of negligence claim). Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims. *See*

28 U.S.C. § 1367(a); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996) ("[F]ederal courts have the power to hear a state claim if the federal claim has 'substance sufficient to confer subject matter jurisdiction on the court,' and the state and federal claims 'derive from a common nucleus of operative facts.'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

7. Any other requirements for removal under federal question jurisdiction are met, and any exceptions and exclusions are not applicable

8. Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and Complaint on Defendant. Accordingly, Defendant has timely filed this Notice of Removal under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

9. Pursuant to 28 U.S.C. § 1446(d), Amazon shall promptly serve upon counsel for Plaintiff, and file with the Superior Court of Delaware, a copy of this notice

10. By filing this notice, Amazon does not waive any defenses which may be available to it and does not concede that the allegations set forth in the complaint are sufficient to state a claim upon which relief can be granted under Title VII, the DDEA, Section 1981 or any other state or federal law.

## **CONCLUSION**

For the foregoing reasons, Amazon requests that this court remove the State Court Action to the United States District Court for the District of Delaware, where it shall proceed as if originally commenced therein.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: November 20, 2023

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)
jody.barillare@morganlewis.com
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Tel.:   +1.302.574.3000
Fax:   +1.302.574.3001

Terry D. Johnson (*pro hac vice forthcoming*)
terry.johnson@morganlewis.com
502 Carnegie Center
Princeton, New Jersey 08540
Tel.:   +1.609.919.6686
Fax:   +1.877.432.9652

Matthew A. Harper (*pro hac vice forthcoming*)
matt.harper@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Tel.:   +1.713.890.5000
Fax:   +1.713.890.5001

*Attorneys for Defendant Amazon.com Services LLC*